ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| ADAM C. SINN Y OTROS<br><br>Apelantes<br><br>v.<br><br>MIKA DE MAN Y OTROS<br><br>Apelados | KLAN202300841 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.: BY2021CV01759<br><br>Sobre: Sentencia Declaratoria, Acción de Reembolso, Abuso del Derecho, Enriquecimiento Injusto, Acecho |

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Alvarez Esnard y la Jueza Díaz Rivera.

Díaz Rivera, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 31 de octubre de 2023.

Comparece ante *nos*, Aspire Power Ventures, L.P. (Aspire) y Adam C. Sinn (Sinn) y nos solicitan que revisemos y revoquemos la *Resolución* y *Sentencia* emitida el 18 de agosto de 2023 y notificada el 21 de agosto de 2023, por el Tribunal de Primera Instancia (TPI), Sala Superior de Bayamón. Mediante dicho dictamen, el TPI declaró *Con Lugar* la *Moción de Desestimación* que presentó Patrick A.P. De Man y Mika De Man.

Por los fundamentos que se exponen a continuación, *confirmamos* la *Resolución y Sentencia* apelada.

**I.**

El 7 de mayo de 2021, la parte apelante presentó una *Demanda* en contra de la parte apelada sobre sentencia declaratoria, acción de reembolso, abuso del derecho, enriquecimiento injusto y acecho. En apretada síntesis, le solicitó al Tribunal que declarara la procedencia de las retenciones contributivas que llevó a cabo, sobre las consignadas a favor de la parte apelada, en cumplimiento con la

Número Identificador

SEN2023_____

*Sentencia Parcial de Salarios.*[1] Además, solicitó que se condenara solidariamente a los apelantes al pago de una indemnización por los daños que ha sufrido Aspire, como consecuencia de las actuaciones antijurídicas de estos, en una suma no menor de $350,000.00, así como la restitución de $35,000.00 correspondientes a los honorarios devengados por el síndico o administrador designado como parte de las gestiones de cobro y ejecución llevadas a cabo por la parte apelada en el estado de Texas.

Asimismo, la parte apelante solicitó que se ordenara la restitución de $294,257.80 correspondientes a las partidas deducidas y retenidas en el origen sobre los pagos realizados a los apelados por concepto de salarios y honorarios de abogado, conforme a la *Sentencia Parcial de Salarios*. También, solicitó que se impusiera a los apelados el pago de intereses legales, gastos de litigio, costas y una suma razonable en honorarios de abogado, ante la reiterada mala fe y desidia con la que han obrado estos. Por último, solicitó que se ordenara a Patrick A.P. De Man abstenerse de acosar, perseguir, intimidar, amenazar o de cualquier otra forma interferir con los negocios de Sinn y los integrantes de su equipo de trabajo y entidades relacionadas.

Así las cosas, el 7 de junio de 2021, la parte apelada presentó una *Contestación a la Demanda, Reconvención y Demanda Contra Tercero*. A grandes rasgos, solicitó que se declarara sin lugar la *Demanda* y ha lugar la reconvención y demanda contra terceros. Señaló que, la transacción habida en el procedimiento de Texas constituye cosa juzgada y que las órdenes y resoluciones emitidas por el Tribunal en el caso DAC2016-2144 vinculan a las partes y son dispositivas. Agregó que, de igual forma, la *Sentencia* emitida por un panel hermano de este Tribunal en el caso KLAN201900280 es dispositiva, constituye cosa juzgada e impedimento colateral y

---

[1] Dicha sentencia fue dictada en el caso DAC2016-2144.

vincula a las partes. Finalmente, acentuó que el mecanismo de sentencia declaratoria no puede utilizarse para casos de daños y perjuicios.

Luego de varios incidentes procesales, el 28 de marzo de 2022, la parte apelada presentó una *Moción de Desestimación.* En la misma, alegó que la *Demanda* que se presentó en su contra es una táctica de mala fe, dirigida a forzar a Patrick A.P. De Man a litigar nuevamente asuntos que ya se adjudicaron en el caso DAC20162144 y en la apelación del caso KLAN201900280. Esbozó que, procedía la desestimación de la *Demanda*, toda vez que las causas de acción en torno a las retenciones hechas al Departamento de Hacienda en beneficio de Patrick A.P. De Man están impedidas bajo la doctrina de cosa juzgada e impedimento colateral por sentencia. Indicó, además, que aplicaban las doctrinas de fraccionamiento indebido de causas, *fórum shopping* y *prior – pending action* con el caso DAC20162144.

Consecuentemente, el 5 de mayo de 2022, la parte apelante presentó una *Oposición a Moción de Desestimación.* Así, se opuso a la solicitud de desestimación que presentó la parte apelada. Arguyó que, en el caso de autos no están presentes los elementos constitutivos para el impedimento colateral por sentencia ni la cosa juzgada. Añadió que, tampoco aplicaban las doctrinas de fraccionamiento indebido de causas, *fórum shopping* y *prior – pending action.* Por otra parte, aseveró que la solicitud de desestimación estaba acompañada de materias exógenas y documentos que no formaban parte de las alegaciones, por lo que la misma era una solicitud de sentencia sumaria que no cumplía con los requisitos de forma.

El 3 de julio de 2022, la parte apelada presentó una *Breve Réplica* mediante la cual reiteró su solicitud para que se desestime la *Demanda*. Acto seguido, el 14 de marzo de 2023, la parte apelada

presentó una *Moción Sometiendo Documentos* mediante la cual anejó prueba documental adicional. Subsiguientemente, el 30 de marzo de 2023, se llevó a cabo una vista argumentativa con el propósito de discutir las mociones dispositivas. Luego, el 15 de agosto de 2023, el TPI emitió una *Orden* mediante la cual le ordenó al apelado que proveyera copia de la resolución o sentencia emitida por el Tribunal de Texas mediante la cual se acogió el acuerdo llevado a cabo ante el Tribunal de Distrito de Harris County, Texas. El 17 de agosto de 2023, el apelado presentó una *Moción en Cumplimiento de Orden o Resolución y Sometiendo Documentos.*

Oportunamente, el 18 de agosto de 2023, notificada el 21 de agosto de 2023, el TPI emitió una *Resolución* y *Sentencia* mediante la cual declaró *Con Lugar* la *Moción de Desestimación* que presentó la parte apelada y, en consecuencia, desestimó la *Demanda* de autos bajo la doctrina de cosa juzgada en su modalidad de impedimento colateral por sentencia.

Insatisfechos con esa determinación, el 20 de septiembre de 2023, la parte apelante presentó un recurso de *Apelación* y señaló la comisión de los siguientes errores:

> **PRIMERO: Erró el TPI en desestimar la *Demanda* a base de documentos y materias no contenidas en dicho pliego sometidos como parte de la *Solicitud de Desestimación*, y de los cuales surge una controversia de hechos.**

> **SEGUNDO: Erró el TPI al aplicar la doctrina de cosa juzgada como fundamentos para desestimar la *Demanda.***

Examinado el recurso de *Apelación,* este Tribunal emitió una *Resolución* el 27 de septiembre de 2023, concediéndole un término de veinte (20) días a la parte apelada para que expresara su posición al recurso. El 13 de octubre de 2023, la parte apelada presentó un *Alegato de la Parte Apelada.* Con el beneficio de la comparecencia de todas las partes, procedemos a resolver.

**II.**

## A. Desestimación

La Regla 10.2 de Procedimiento Civil (32 LPRA Ap. V) le permite al demandado solicitar que se desestime la demanda en su contra antes de contestarla. R. Hernández Colón, *Práctica Jurídica de Puerto Rico, Derecho Procesal Civil*, 5ta ed., San Juan, LexisNexis de Puerto Rico, Inc., 2010, pág. 266. La precitada regla dispone lo siguiente:

> Toda defensa de hechos o de derecho contra una reclamación se expondrá en la alegación responsiva excepto que, a opción de la parte que alega, las siguientes defensas pueden hacerse mediante una moción debidamente fundamentada: (1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) dejar de exponer una reclamación que justifique la concesión de un remedio; (6) dejar de acumular una parte indispensable. Regla 10.2 de Procedimiento Civil, *supra*.

Así pues, entre las defensas mediante las cuales una parte puede solicitar la desestimación de la causa instada en su contra se encuentra el "dejar de exponer una reclamación que justifique la concesión de un remedio". Regla 10.2 (5) de Procedimiento Civil, *supra*. Véase, además, *Bonnelly Sagrado v. United Surety*, 207 DPR 715 (2021).

Ante una moción de desestimación fundamentada en la referida regla, "el tribunal tomará como ciertos todos los hechos bien alegados en la demanda y que hayan sido aseverados de manera clara y concluyente, y que de su faz no den margen a dudas". *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, 174 DPR 409, 428 (2008). Véase, además, *Pressure Vessels P.R. v. Empire Gas P.R.*, 137 DPR 497, 505 (1994). Asimismo, deberá interpretar las alegaciones de forma conjunta, liberal y de la manera más favorable posible en favor del demandante. *Bonnelly Sagrado v. United Surety, supra; Torres v. Torres et al.*, 179 DPR 481, 502 (2010). De hecho, tampoco procede la desestimación de la demanda si esta es susceptible de ser enmendada. *Clemente v. Dept. de la Vivienda*, 114 DPR 763 (1983).

Al atender este tipo de moción, el tribunal deberá tener en cuenta que, conforme lo dispone la Regla 6.1 de Procedimiento Civil (32 LPRA Ap. V), la demanda sólo tiene que contener "una relación sucinta y sencilla de la reclamación demostrativas de que el peticionario tiene derecho a un remedio", por lo que la norma procesal que rige establece que las alegaciones solo buscan "notificarle a la parte demandada a grandes rasgos, cuáles son las reclamaciones en su contra." *Torres, Torres v. Torres et al., supra,* pág. 501. Es por esto que una demanda no será desestimada, salvo que se demuestre "que el demandante no tiene derecho a remedio alguno, bajo cualesquiera hechos que pueda probar". *Consejo de Titulares v. Gómez Estremera et al.,* 184 DPR 407, 423 (2012); *Aut. Tierras v. Moreno & Ruiz Dev. Corp, supra,* pág. 428. Por consiguiente, el asunto a considerar es, "si a la luz de la situación más favorable al demandante, y resolviendo toda duda a favor de éste, la demanda es suficiente para constituir una reclamación válida". *Pressure Vessels P.R. v. Empire Gas P.R., supra,* pág. 505. Finalmente, este mecanismo procesal no debe ser utilizado en aquellos casos que envuelven un alto interés público, excepto que no haya duda de que, de los hechos alegados en la demanda, no es posible conceder un remedio adecuado al demandante. *Aut. Tierras v. Moreno & Ruiz Dev. Corp, supra,* pág. 429.

## B. Cosa juzgada

La doctrina de cosa juzgada tiene el propósito de finalizar los litigios que fueron adjudicados de forma definitiva y, de este modo, "garantizar la certidumbre y seguridad de los derechos declarados mediante una resolución judicial para evitar gastos adicionales al Estado y a los litigantes". *Presidential v. Transcaribe,* 186 DPR 263, 273-274 (2012); *PR Wire Prod. v. C. Crespo & Assoc.,* 175 DPR 139, 151 (2008). Así, esta defensa tiene el efecto de evitar que se relitiguen asuntos que fueron o que pudieron litigarse y adjudicarse

en el pleito anterior. *Parrilla v. Rodríguez*, 163 DPR 263, 268 (2004). Según ha resuelto el Tribunal Supremo de Puerto Rico, "la presunción de cosa juzgada sólo tendrá efecto si existe la más perfecta identidad de las cosas, las causas, las personas de los litigantes y la calidad con que lo fueron". *Presidential v. Transcaribe, supra,* pág. 274.

El requisito de la identidad de cosas significa que el segundo pleito versa sobre el mismo asunto adjudicado en el primer pleito, aunque las cosas se hayan disminuido o alterado. *Rodríguez Rodríguez v. Colberg Comas*, 131 DPR 212, 220 (1992). Es decir, existe identidad de las cosas "cuando un juez, al hacer una determinación, se expone a contradecir el derecho afirmado en una decisión anterior". *Presidential v. Transcaribe, supra,* págs. 274-275. Sobre el particular, hay que evaluar no sólo la cosa sobre la cual se origina la controversia, sino también el planteamiento jurídico que se genera en torno a ella". Íd., pág. 275.

En cuanto al requisito de identidad de las causas, existe cuando los hechos y fundamentos de las peticiones son idénticos en lo que afecta la cuestión planteada. Íd. En otras palabras, al determinar si existe identidad de causas debemos analizar si ambas reclamaciones se basan en la misma transacción o núcleo de hechos. Íd. Por otro lado, este requisito "exige que la parte demandante acumule en un pleito todas las posibles teorías legales en virtud de las cuales podría tener derecho a un remedio y que surjan de los mismos hechos transaccionales". *Martínez Díaz v. ELA*, 182 DPR 580, 586 (2011). Lo anterior, ya que el efecto de cosa juzgada aplica no solamente a las reclamaciones alegadas en la demanda, sino también a todas aquellas que pudieron acumularse. Íd.

"Aun estando presentes los componentes necesarios para que la doctrina de cosa juzgada surta efecto, la referida figura legal no

es absoluta y debe siempre considerarse conjuntamente con el saludable principio de que debe dispensarse justicia en cada caso*".* *Beníquez et al. v. Vargas,* 184 DPR 210, 224 (2012). "[L]a sentencia anterior es concluyente en cuanto a aquellas materias que de hecho se suscitaron y verdaderamente o por necesidad se litigaron y adjudicaron, pero no es concluyente en cuanto a aquellas materias que pudieron ser pero que no fueron litigadas y adjudicadas en la acción anterior." *Beníquez et al. v. Vargas, supra,* págs. 225-226.

Así pues, la doctrina de cosa juzgada es lo ya resuelto por tribunal competente, lo cual tiene el propósito de impartir finalidad a los dictámenes judiciales. *Casco Sales v. Mun. de Barranquitas*, 172 DPR 825, 833 (2007). Sin embargo, no procede aplicar de forma inflexible la doctrina de cosa juzgada cuando hacerlo derrotaría los fines de la justicia, especialmente si hay envueltas consideraciones de orden público. *Parrilla v. Rodríguez, supra,* pág. 270; *Pérez v. Bauzá,* 83 DPR 220 (1961).

De otro lado, nuestro máximo Foro ha reconocido otra modalidad de cosa juzgada, conocida como la figura jurídica de impedimento colateral por sentencia. *PR Wire Prod. v. C. Crespo & Assoc., supra.* Véase, además, *A & P Gen. Contractors v. Asoc. Caná,* 110 DPR 753 (1981). La misma surte efectos cuando un hecho esencial para el pronunciamiento de una sentencia se dilucida y determina mediante sentencia válida y final. *MAPFRE v. ELA*, 209 DPR 910 (2022); *PR Wire Prod. v. C. Crespo & Assoc., supra.* Por lo tanto, tal determinación es concluyente en un segundo pleito entre las mismas partes, aunque estén involucradas causas de acción distintas. Íd.

Así pues, el impedimento colateral por sentencia impide que se litigue en un pleito posterior un hecho esencial que fue adjudicado mediante sentencia final en un litigio anterior. *PR Wire Prod. v. C. Crespo & Assoc., supra.* No obstante, a diferencia de la

doctrina de cosa juzgada, la aplicación de la figura de impedimento colateral por sentencia no exige la identidad de causas. Íd. Esto es, que la razón de pedir plasmada en la demanda sea la misma en ambos litigios. Íd.

Al igual que la doctrina de cosa juzgada, el propósito de la figura de impedimento colateral por sentencia es promover la economía procesal y judicial, y amparar a los ciudadanos del acoso que necesariamente conlleva litigar en más de una ocasión hechos ya adjudicados. *PR Wire Prod. v. C. Crespo & Assoc., supra.*

**III.**

Por estar íntimamente relacionados discutiremos los señalamientos de error de forma conjunta. *Veamos.*

Como primer error, la parte apelante alegó que incidió el TPI en desestimar la *Demanda* a base de documentos y materias no contenidas en dicho pliego sometidos como parte de la *Solicitud de Desestimación*, y de los cuales surge una controversia de hechos. Manifestó que, junto con la *Solicitud de Desestimación* la parte apelada acompañó una serie de documentos sobre comunicaciones transaccionales que se dieron como parte del pleito de Harris County, Texas. Añadió que, el TPI analizó dichas comunicaciones, evaluando e interpretando su contenido y llegando a conclusiones sobre la presunta intención de las partes y el alcance de la transacción ocurrida en dicho pleito. Disputó que, el análisis del TPI rebasa los criterios y el alcance de la Regla 10.2 de Procedimiento Civil, *supra.*

Asimismo, como segundo error planteó que incidió el TPI al aplicar la doctrina de cosa juzgada como fundamentos para desestimar la *Demanda*. Arguyó que, en la *Resolución y Sentencia* el TPI discute la doctrina de cosa juzgada y aplicó dicha figura para concluir que en el caso DAC2016-2144 y en el KLAN2019-00280, los tribunales resolvieron las controversias de la *Demanda*, al

resolver que no procedía la retención de los salarios de Patrick A.P. De Man. Esbozó que, erró el TPI al aplicar la doctrina de cosa juzgada, toda vez que no están presentes los elementos constitutivos de dicha doctrina.

Por su parte, la parte apelada señaló que la parte apelante no puede volver a litigar el asunto de las retenciones porque dicho asunto fue adjudicado por el Tribunal en los casos DAC2016-2144 y KLAN2019-00280. Acentuó que, habiendo transigido el caso ante el Tribunal de Distrito de Harris County, Texas, a base de un pago estipulado, la parte apelante está impedida de atacar colateralmente la suma que acordó como balance de su deuda por la *Sentencia Parcial de Salarios*. Agregó que, el TPI actuó correctamente al desestimar el caso por el fundamento de cosa juzgada.

Según surge del derecho que antecede, entre las defensas mediante las cuales una parte puede solicitar la desestimación de la causa instada en su contra se encuentra el "dejar de exponer una reclamación que justifique la concesión de un remedio". Regla 10.2 (5) de Procedimiento Civil, *supra*. Ante una moción de desestimación fundamentada en la referida regla, "el tribunal tomará como ciertos todos los hechos bien alegados en la demanda y que hayan sido aseverados de manera clara y concluyente, y que de su faz no den margen a dudas". *Aut. Tierras v. Moreno & Ruiz Dev. Corp., supra.*

Así pues, una demanda no será desestimada, salvo que se demuestre "que el demandante no tiene derecho a remedio alguno, bajo cualesquiera hechos que pueda probar". *Consejo de Titulares v. Gómez Estremera et al., supra.*

En el caso ante *nos,* al momento en que la parte apelada presentó su *Solicitud de Desestimación* acompañó varios correos electrónicos que fueron intercambiados por las partes entre el 25 de marzo de 2021 y el 15 de abril de 2021, de donde surge la negociación y el acuerdo arribado en torno al pago en el caso ante el

Tribunal de Distrito de Harris County, Texas. Dicho acuerdo culminó con un *Agreed Order Closing Receivership,* emitido por el Tribunal de Texas y que fue incluido por la parte apelante como anejo en la *Demanda* de autos. Mediante el mencionado acuerdo se liberaba a la parte apelante de todas las reclamaciones instadas por el apelado. La parte apelante no cuestionó la autenticidad de los documentos y tampoco impugnó ninguno de los acuerdos o condiciones acordadas en la transacción del pleito instado en el estado de Texas.

Consecuentemente, el TPI, *correctamente,* acogió el planteamiento de que se adjudicó de manera final por el Tribunal en el caso DAC2016-2144 y en el caso KLAN2019-00280, que no procedía que el Tribunal ordenara una retención de los salarios de Patrick A.P. De Man. En la *Resolución y Sentencia,* el TPI razonó que las primeras cuatro (4) causas de acción de la *Demanda* están relacionadas a la controversia de las retenciones a los salarios de Patrick A.P. De Man, la cual fue resuelta en el caso DAC2016-2144 y reconocida legalmente en el Tribunal de Distrito de Harris County, Texas. Enfatizó, además, el TPI que en el procedimiento en Texas las partes llegaron a un acuerdo de transacción económico para satisfacer completamente la sentencia y todas las reclamaciones que surjan bajo el número de la causa en el procedimiento.

Así las cosas, al planteamiento de la retención de salarios haber sido levantado y adjudicado en el caso DAC2016-2144 y en el trámite apelativo en el caso KLAN2019-00280, la parte apelante está impedida de volver a litigar dicho asunto. Por lo cual, luego de un estudio y análisis minucioso del expediente del caso, concurrimos con las expresiones del TPI, en tanto se cumple con los requisitos de la doctrina de cosa juzgada. En este caso existe la más perfecta identidad entre las cosas, las causas y las personas de los litigantes

y la calidad con que lo fueron. También, existe un hecho esencial que fue adjudicado mediante sentencia final en el litigio anterior.

Así, resulta inadmisible volver a litigar cuestiones que ya fueron o pudieron haber sido litigadas en el pleito anterior. Permitirlo afectaría el propósito de impartirles finalidad a los litigios que fueron adjudicados de forma definitiva y, que garantizan la certidumbre y seguridad de los derechos declarados mediante una resolución judicial para evitar gastos adicionales al Estado y a los litigantes. *Presidential v. Transcaribe, supra.*

En atención a lo anterior, debemos concluir que el TPI actuó correctamente al desestimar el caso por constituir cosa juzgada en su modalidad de impedimento colateral por sentencia. Los errores señalados no fueron cometidos.

## IV.

Por los fundamentos que anteceden, los cuales se hacen formar parte de este dictamen, se *confirma* la *Resolución y Sentencia* apelada.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

La Jueza Alvarez Esnard concurre sin opinión escrita.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones